UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYDIA V. JOY, | |
| Plaintiff, | |
| -against- | 23 Civ. 11177 (LGS) |
| CRIME VICTIMS TREATMENT CENTER (CVTC), | ORDER OF SERVICE |
| Defendant. | |

LORNA G. SCHOFIELD, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action asserting claims of discrimination based on her race, national origin and status as a non-native speaker of English.  By order dated January 4, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Crime Victims Treatment Center through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that the summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Process Receipt and Return form ("USM-285 form") for Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the Complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is respectfully directed to mail an information package to Plaintiff. The Clerk of Court is further instructed to issue a summons for Defendant Crime Victims Treatment Center, complete the USM-285 form with the address for this Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:   January 9, 2024
       New York, New York

                                      LORNA G. SCHOFIELD
                              UNITED STATES DISTRICT JUDGE

**DEFENDANTS AND SERVICE ADDRESSES**

1.      Crime Victims Treatment Center
        Attn: Legal Department
        40 Exchange Place, Suite 510
        New York, NY 10005